# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:14CR00010-11 |
| | ) Case No. 1:16CR00008-01 |
| v. | ) **OPINION** |
| TOBY MOCK, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Kathleen Carnell, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Toby Mock, Pro Se Defendant.*

The defendant, Toby Mock, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter is before me on the United States' Motion to Dismiss. Mock responded to that motion, making the matter ripe for disposition. After reviewing the record, I find that Mock's § 2255 claims are without merit and must be dismissed.

I.

In case number 1:16CR00008-01, Mock was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("firearm charge"). In case number 1:14CR00010-11, Mock was charged with violating the terms of supervised released imposed after a prior drug conviction ("revocation charge"). On May 3, 2016, I sentenced Mock to thirty months' incarceration for the firearm

charge and eighteen months' incarceration for the revocation charge, the terms to be served consecutively.

Mock testified during the joint hearing on both cases. She explained that she had wanted her son to have a rifle that was in her brother's home, and after her brother would not transfer it to her, Mock had a friend retrieve it from her brother's home during the brother's absence. Sentencing Hr'g Tr. 25:10-14, 27:9-24, 1:16CR00008, ECF No. 26. Mock kept the loaded rifle in her bedroom closet even though she knew she was not allowed to have it.[1] *Id.* at 25:18, 26:12–13, 27:12–13, 38:18–39:23. Mock admitted during the sentencing hearing that she had knowingly violated the terms of supervised release by using methamphetamine repeatedly. *Id.* at 30:9–13, 38:11–14. Mock also admitted to having distributed methamphetamine on at least two occasions by facilitating others' purchases. *Id.* at 31:11–21.

Mock generally presents two claims in the § 2255 Motion. First, Mock alleges that counsel rendered ineffective assistance, "particularly at the change of plea and sentencing phases." § 2255 Mot. 4, 1:14CR00010-11, ECF No. 942, 1:16CR00008-01, ECF No. 20. Second, Mock alleges that prosecutorial misconduct "irrevocably harmed" the proceedings. *Id.* at 5. In support of these claims, Mock filed a "Memorandum in Support," 1:14CR00010-11, ECF No. 948,

---

[1] Mock had also acknowledged similar facts before pleading guilty to the firearm charge. Plea Hr'g Tr. 16:12–17:10, 1:16CR00008, ECF No. 25.

1:16CR00008-01, ECF No. 22, which in pertinent part incorporates a letter she mailed to me in April 2017.[2] 1:14CR00010-11, ECF No. 929, 1:16CR00008-01, ECF No. 18. Mock noted in the letter her disagreement with the federal Bureau of Prison's decisions about her sentences.[3] She also had acknowledged in the letter that she had freely given law enforcement officers permission to search her home before they found the rifle in her bedroom closet, but she nonetheless argues that she did not have actual or constructive possession of it.

II.

Mock's conclusory assertions of ineffective assistance and prosecutorial misconduct lack any evidentiary support and are not sufficient to warrant relief or even an evidentiary hearing. *See, e.g.*, *United States v. Dyess*, 730 F.3d 354, 359-60 (4th Cir. 2013); *see also* Rule 2(b) of the Rules Governing Section 2255 Proceedings (requiring a § 2255 motion to specify all grounds for relief and state the facts supporting each ground). To the extent a court could liberally construe an

---

[2] The Memorandum in Support primarily seeks a reduction in sentence pursuant to *Pepper v. United States*, 562 U.S. 476, 480 (2011). Because I will not vacate the judgment, *Pepper* does not apply. *See United States v. Morris*, Cv. No. 7:02-cr-00128-GRA-1, 2013 WL 1303124, at *1 (D.S.C. Mar. 28, 2013) ("[R]ehabilitation may be considered by a court while a defendant is being sentenced or resentenced, but it may not be used as an independent ground for a defendant to obtain a resentencing.").

[3] On April 24, 2018, I denied Mock's analogous motion asking me to amend the manner in which she serves the sentences. 1:14CR00010-11, ECF No. 1051. To the extent the arguments also require adjudication under 28 U.S.C. § 2255, they are dismissed as invalid bases to vacate the judgment. *See* 28 U.S.C. § 2255(a) (listing the types of claims warranting collateral relief).

ineffective assistance claim or prosecutorial misconduct claim from Mock's assertions of an unlawful search of her home, it also fails.

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).[4] The first prong of *Strickland* requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[5] *Id.* at 687-88. The second prong of *Strickland* requires a petitioner to show that counsel's deficient performance prejudiced her by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The test for prosecutorial misconduct is similar to the test under *Strickland*. A petitioner claiming prosecutorial misconduct must establish improper prosecutorial conduct and that the conduct "prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v.*

---

[4] If a petitioner has not satisfied one prong of the test, a court does not need to inquire whether she has satisfied the other prong. *Id.* at 697.

[5] *Strickland* established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." *Id.*

*Chorman*, 910 F.2d 102, 113 (4th Cir. 1990) (internal quotation marks and citations omitted).

Mock cannot demonstrate prejudice flowing from the search because she admittedly gave law enforcement officers valid consent to search her home, and her knowing, voluntary, and intelligent plea of guilty has waived that challenge. *See, e.g.*, *Stone v. Powell*, 428 U.S. 465, 493-95 (1976) (discussing waiver of a Fourth Amendment challenge by plea); *Schneckloth v. Bustamonte*, 412 U.S. 218, 227-28 (1973) (discussing waiver of a Fourth Amendment challenge by consent). Mock's argument that she lacked actual or constructive possession of the rifle in her bedroom closet is rebutted by her admissions during the plea and sentencing hearings. Mock obtained the rifle from her brother's home and kept it in her bedroom closet so her son would not be able to access it readily. Sentencing Hr'g Tr. 25:17–23, 1:16CR00008, ECF No. 26. Consequently, Mock intentionally and voluntarily exercised dominion and control over the rifle. *See, e.g.*, *United States v. Shorter*, 328 F.3d 167, 172 (4th Cir. 2003) (discussing requirements for constructive possession). Accordingly, the record, including Mock's own submissions, does not support a colorable claim of ineffective assistance of counsel or prosecutorial misconduct.

III.

In conclusion, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: November 7, 2018

/s/ *James P. Jones*
United States District Judge